**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| DENNIS DEHUGA, | Case No. 1:20-cv-124 |
| Plaintiff, | Dlott, J. |
| | Bowman, M.J. |
| v. | |
| REALSTATE INVESTMENTS, LLC, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

On February 13, 2020, Plaintiff initiated this litigation by filing a complaint alleging that his former employer, RealState Investments, LLC, and the owner/manager of that entity, violated the Fair Labor Standards Act, the Ohio Wage Act including the Ohio Prompt Pay Act, and the Tennessee Wage Regulations Act. The complaint also includes state law claims for breach of contract and promissory estoppel. (Doc. 1). On October 15, 2020, Plaintiff filed an amended complaint that mirrors the original complaint, but seeks relief solely against RealState Investments, LLC. (Doc. 12). Plaintiff recently moved to transfer venue to the United States District Court for the Western District of Missouri. With some reservations, the Court will grant Plaintiff's motion.

**I. Background**

Despite initiating suit more than a year ago, Plaintiff has failed to achieve service on the sole remaining Defendant, RealState Investments, LLC. On December 28, 2020, the undersigned issued a "show cause" order, noting that Plaintiff had failed to serve the Defendant within 90 days, as required by Rule 4(m), Fed. R. Civ. P. The Court explained:

The record… contains no indication that Defendant Realstate Investments,

> LLC waived service of process or that Plaintiff properly served the Defendant with a summons or with a copy of the original Complaint. The Court notes that the record in this matter indicates that Plaintiff attempted service of the original Complaint by certified mail service, return receipt requested, on March 6, 2020, pursuant to S. D. Ohio Civ. R. 4.2 (doc. 6). However, the certified mail return receipt was returned to the Clerk of Court by the United States Postal Service unsigned by the registered agent (doc. 7). The docket entry further indicates that tracking history from the United States Postal Service website reflects a status of "in transit" as of March 13, 2020, a status which remains unchanged as of the date of this Order. Based on this, there is an appearance that service of the original Complaint was lost in transit by the United States Postal Service and never delivered to the registered agent for Defendant Realstate Investments, LLC. Therefore, the undersigned finds that service of the original Complaint has not been properly effectuated. The Court further notes that Plaintiff has since filed an amended Complaint naming Realstate Investments, LLC as the sole Defendant (doc. 12), however, there is no indication that service of the amended Complaint was completed or that it has adequately remedied the deficiencies which exist as to the service of the original Complaint.

(Order, Doc. 13 at 1-2).

Based upon Plaintiff's failure of timely service and failure to move to extend the deadline by which service must be achieved, the Order proposed that this case be dismissed. "In the absence of a showing of good cause, the court has discretion to dismiss *sua sponte*, provided that the plaintiff has notice of the proposed action." (*Id.* at 3). See Osborne v. First Union Nat'l Bank of Delaware, 217 F.R.D. 405, 408 (S.D. Ohio 2003); *United States v. Gluklick*, 801 F.2d 834, 837 (6th Cir. 1986), *cert. denied*, 480 U.S. 919 (1987).

On January 15, 2021, Plaintiff moved to transfer venue of this case to the United States District Court for the Western District of Missouri, Southern Division. (Doc. 16). Plaintiff's motion addresses the show cause order only indirectly. The motion acknowledges Plaintiff's failure to achieve service but does not seek to extend the time for service. Instead, Plaintiff seeks to transfer venue in part in order to "better enable

2


service of process" on the Defendant. (Doc. 16 at 1; *id.* at 3, 6-7).

It appears from the face of the amended complaint that Plaintiff resides in Tennessee, and that the events of which he complains occurred in Tennessee and in Ohio in early 2019. Nevertheless, Plaintiff argues that transfer of venue to Missouri is appropriate because Plaintiff's Employment Agreement asserts that the laws of the State of Missouri shall govern "all rights and obligations of the parties," (Doc. 16-1 at 4), and because the Defendant is registered as a Limited Liability Company in Missouri. Plaintiff posits that he should more easily be able to obtain personal jurisdiction over the Defendant in Missouri, both because Defendant is registered there[1] and because Missouri law controls. Plaintiff maintains that "public interest factors" also favor transfer of venue in that the docket of the Western District of Missouri is less congested than that of this district, allowing for a shorter median time to trial. Public interest factors, including docket congestion and the familiarity of the court with controlling law, may be considered. *See Svete v. Wunderlich*, 2009 WL 3028995 at *2 (S.D. Ohio Sept. 16, 2009) (citing *Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1947)).

Notwithstanding this Court's continued reservations regarding the failure of service, the Court will grant Plaintiff's motion.[2] Ultimately, the decision of whether to

---

[1] Plaintiff alleges that Defendant's registered agent is located in Springfield, Missouri. (Doc. 12 at ¶8).

[2] The undersigned has determined that this motion may be ruled upon by order, notwithstanding the lack of controlling Sixth Circuit precedent or consensus among the district courts of this Circuit. *Compare Dial Corp. v. News Corp.,* No. 12-15613, 2013 U.S. Dist. LEXIS 136334, 2013 WL 5353078, at *2 (E.D. Mich. Sept. 24, 2013)(treating motion to transfer venue as presenting a "nondispositive issue"); *Candela Mgmt. Grp., Inc. v. Taco Maker, Inc.,* No. CIV.A. 2:08-CV-1138, 2010 U.S. Dist. LEXIS 31978, 2010 WL 1253552, at *3-4 (S.D. Ohio Mar. 31, 2010)(referring to motion to transfer venue as a "nondispositive matter" and reviewing objections to the magistrate judge's denial of the motion to transfer venue under clearly erroneous/contrary to law standard); *Universal Settlements Int'l, Inc. v. Nat'l Viatical, Inc.,* No. 1:07-CV-1243, 2008 U.S. Dist. LEXIS 98992, 2008 WL 5156642, at *1 (W.D. Mich. Dec. 8, 2008)(same); *and City*

3

transfer venue is committed to the strong discretion of the trial court. *Midwest Motor Supply Co., Inc. v. Kimball*, 761 F. Supp. 1316, 1318 (S.D. Ohio 1991). Because the Defendant has not yet been served or appeared, the Court accepts – for purposes of this motion only – Plaintiff's contention that venue is appropriate in the United States District Court in Missouri on the grounds asserted.[3] *See generally, Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. Of Texas,* 571 U.S. 49, 134 S.Ct. 568 (2013) (discussing plaintiff's choice of venue privilege and forum selection clauses). However, the transfer of this case is without prejudice to any defenses that Defendant may assert, including but not limited to any challenge to venue, if and when service is achieved.

**II. Conclusion and Order**

Accordingly, **IT IS ORDERED THAT:**

Plaintiff's motion to transfer venue pursuant to 28 U.S.C. § 1404(a) (Doc. 16) is **GRANTED** and this action is hereby **TRANSFERRED** to the United States District Court for the Western District of Missouri, Southern Division.

      *s/ Stephanie K. Bowman*
      Stephanie K. Bowman
      United States Magistrate Judge

---

*of Columbus v. Hotels.com, L.P.,* No. 2:06 CV 677, 2007 U.S. Dist. LEXIS 49775, 2007 WL 2029036, at *3 (S.D. Ohio July 10, 2007)("Because a motion to transfer venue is not a dispositive motion, Magistrate Judge Abel's recommended disposition of the motion is not subject to *de novo* review.") *with Payton v. Saginaw Cnty. Jail,* 743 F. Supp. 2d 691, 693 (E.D. Mich. 2010)(vacating the magistrate judge's order granting motion to transfer venue because the magistrate judge "did not have the authority to enter" an order on a dispositive matter); *Collins v. Synthes USA Sales, LLC,* No. 1:09 CV 2868, 2010 U.S. Dist. LEXIS 32768, 2010 WL 1408966, at *1, *3 (N.D. Ohio Apr. 2, 2010)(treating motion to transfer venue, which it had referred to the magistrate judge for report and recommendation, as a dispositive matter); *and Temple v. Circuit City Stores, Inc.*, No. 2:05-CV-165, 2006 U.S. Dist. LEXIS 70296, 2006 WL 2796483, at *1 (E.D. Tenn. Sept. 27, 2006)(considering *de novo* the objected-to portions of the magistrate judge's report and recommendation on motion to transfer venue and citing 28 U.S.C. § 636(b)(1)).

[3]Although Plaintiff cites to a provision that states that Missouri law controls, Plaintiff fails to cite to the specific venue provision, which states: "The exclusive venue for enforcement of this Agreement shall be the Circuit Court of Jackson County, Missouri." (Doc. 16-1 at 4, ¶8.4).